**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol J. Landrith and Diana Landrith-Crouch,<br><br>    Plaintiffs,<br><br>vs.<br><br>Madison National Life Insurance Company, Inc.,<br><br>    Defendant. | No. CV 08-1284-PHX-MHM<br><br>**ORDER** |

Pending before the Court is Defendant Madison National Life Insurance Company, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. # 16) Having considered the parties' pleadings, the attached exhibits, and the applicable law, the Court now enters its ruling.

**I.    BACKGROUND**

Plaintiffs Carol J. Landrith and Diana Landrith-Crouch originally filed this action in state court. Plaintiffs alleged that Defendant wrongfully denied medical insurance benefits to Plaintiffs, which resulted in medical bills in excess of $15,000 and poor credit that amounted to defamation. (Doc. # 1-2 at ¶¶ 11, 12) Defendant removed the case to federal court on July 10, 2008, on the basis that the claims alleged were governed "exclusively by

1 federal law under ERISA."[1] (Doc. # 1 at ¶ 2) Defendant filed a Motion to Dismiss the original complaint on the grounds that Plaintiffs' claims were preempted by ERISA. Plaintiffs responded by moving to remand the case to state court. Plaintiffs argued that the claims were not preempted and, in the alternative, requested leave to amend their complaint. (Doc. # 12)

In an Order dated February 13, 2009, the Court found that the plan at issue was covered by ERISA and therefore ERISA preemption applied. Accordingly, the Court granted Defendant's Motion to Dismiss. The Court, however, granted Plaintiffs leave to amend their complaint. (Doc. # 14)

On March 11, 2009, Plaintiffs filed a First Amended Complaint seeking to recover health insurance benefits from Defendant. (Doc. # 15) On March 30, 2009, Defendant filed a Motion to Dismiss First Amended Complaint, arguing that (1) ERISA does not permit a claim for the relief requested against Defendant, and (2) Plaintiffs have failed to exhaust their administrative remedies prior to filing suit as required by law. (Doc. # 16) Plaintiffs respond that the exhaustion of remedies doctrine is a discretionary rule and need not be satisfied if the process is futile or there is no express statutory requirement for exhaustion.

## II. DISCUSSION

### A. Money Judgment Against Defendant Madison National Life Insurance Company

According to the allegations in the First Amended Complaint, Plaintiff Diana Landrith-Crouch was employed by the Knochel Law Firm ("Employer"), which was part of a plan known as CBSA HealthDirect Plan ("the Plan"). (Doc. # 15 at ¶¶ 4, 6) The Plan was an ERISA benefit plan established and maintained by the Employer for the benefit of its employees and dependents. (Doc. # 15 at ¶ 4) Defendant is the insurer that provided Employer the policy for health care coverage. (Doc. # 15 at ¶ 5)

---

[1] ERISA is an acronym for the Employee Retirement Income Security Act of 1974.

1 | Plaintiffs allege that pursuant 29 U.S.C. § 1132(a)(1)(B), they "are entitled to recover all benefits due under the terms of the Policy and the Plan," along with interest, fees and costs. (Doc. # 15 at ¶¶ 27-29) Defendant argues that 29 U.S.C. § 1132(d)(2), which provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity . . . ," does not authorize a money judgment against Defendant. Plaintiffs have failed to set forth any argument to the contrary. The Court finds that Plaintiffs have not established that Madison National Life Insurance Company is a proper defendant.

Under 29 U.S.C. § 1132(a)(1)(B), a plaintiff may seek "to recover benefits due [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." The Ninth Circuit has interpreted this section to permit suits to recover benefits only against the plan as an entity, <u>Gelardi v. Pertec Computer Corp., et al.</u>, 761 F.2d 1323, 1324 (9th Cir. 1985), or the plan administrators, <u>Taft v. Equitable Life Assurance Soc'y</u>, 9 F.3d 1469, 1471 (9th Cir. 1993). In <u>Everhart v. Allmerica Fin. Life Ins. Co.</u>, 275 F.3d 751, 754 (9th Cir. 2001), the Ninth Circuit held that "[u]nder either <u>Gelardi</u> or <u>Taft</u> and their respective progeny, [a plaintiff] may not sue the plan's *insurer* for additional ERISA plan benefits." Here, Plaintiffs have not alleged that Defendant, the insurer, is the Plan or the Plan administrator. Accordingly, Plaintiffs cannot bring a suit for money damages against Defendant under 29 U.S.C. § 1132(a)(1)(B).

**B.     Exhaustion of Administrative Remedies Under ERISA**

Relying on <u>Amato v. Bernard</u>, 618 F.2d 559 (9th Cir. 1980), Defendant also argues that Plaintiffs' First Amended Complaint must be dismissed because Plaintiffs have failed to exhaust their administrative remedies. In <u>Amato</u>, the Ninth Circuit set forth compelling considerations that require an ERISA claimant to exhaust administrative remedies before filing suit in federal court. The Ninth Circuit explained that "the institution of . . . administrative claim-resolution procedures was apparently intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to

minimize the costs of claims settlement for all concerned." Id. at 567. The Ninth Circuit further explained that a "primary" reason for the exhaustion requirement is to allow for fully considered decisions by the plan fiduciary, "further refining and defining the problem in given cases," so as to "assist the courts when they are called upon to resolve the controversies." Id. at 568. The Ninth Circuit concluded that "federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so." Id.

Plaintiffs' reliance on Metropolitan Life Ins. Co. v. Price, 501 F.3d 271 (3d Cir. 2007), in which the Third Circuit declined to follow Amato, is unavailing. This case is not controlling in this circuit; the Court is compelled to follow Amato.

The Court recognizes that there are exceptions to the exhaustion requirement, that is, "when resort to the administrative route is futile or the remedy is inadequate." Amato, 618 F.2d at 568. Plaintiffs maintain that they "followed the requirements of the policy representative" and "submitted their claims and documentation in good faith with the understanding that this would satisfy any procedural requirement needed to reverse the denial." Notably, however, Plaintiffs do not claim that they satisfied the Plan's administrative process, or even attempted to do so, but argue that they should be excused from this requirement because the "administrative process is overly burdensome and prejudicial to Plaintiffs and other prospective claimants." Plaintiffs argue that the process is "complex" and "will foreseeably take weeks if not months to exhaust."

Plaintiffs' argument that the appeals process is complex and burdensome is speculative at best; Plaintiffs made no attempt to appeal and therefore have no experience with the process. Such speculation is insufficient to bring their claim within the futility exception, "which is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail." Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1486 (9th Cir. 1995). A review of the appeals process information packet reveals that the appeals procedures are clearly set forth in plain language. (Doc. # 16, Ex. A, pp. 49-54) Contrary to Plaintiffs' hypothetical argument that the time spent in

exhausting an appeal could be detrimental to the health of a claimant, the process provides for an expedited appeal for urgently needed services. (Id.) With respect to Plaintiffs' argument that the appeals process may take weeks or months to complete, the Court notes that Plaintiffs first filed their complaint in state court on June 2, 2008, well over one year ago. Any alleged detriment to Plaintiffs because of undue delay is the result of Plaintiffs' refusal to avail themselves of the appeals process. Because Plaintiffs have not demonstrated that pursuing the administrative appeals process would have been futile or that the remedy would have been inadequate, they are required to exhaust their administrative remedies before bringing suit in federal court.

As an alternative to the Court's granting Defendant's Motion to Dismiss, Plaintiffs request a continuance "to secure affidavits that identify the location of key evidence pertaining to the number of 'exhausted' claims against Defendant[]." Plaintiffs speculate that "the evidence will reveal that most, if not all, claim appeals against Defendant[] are upheld as denials." Plaintiffs, however, fail to explain how such information would be dispositive on the issue of futility in the present case. Accordingly, the Court will deny this request.

## III. CONCLUSION

Plaintiffs have failed to exhaust their administrative remedies under ERISA before commencing this lawsuit. Further, Plaintiffs have not established that Madison National Life Insurance Company is a proper defendant under 29 U.S.C. § 1132(a)(1)(B). Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. # 16) Plaintiffs may refile their suit after complying with the legal requirements explained above, if the final appeals decision is adverse to them.

**IT IS FURTHER ORDERED** denying Plaintiffs' request for a continuance.

///

///

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 12th day of August, 2009.

Mary H. Murguia
United States District Judge